Grimke, J.
The first and principal question to be decided is, whether an assignee of a note has a right to maintain a suit in this court. The note is not negotiable; the consequence is that an assignment of it does not transfer the legal, but only the equitable interest in it. This is obvious from the fact that the assignee, if he does sue at law, is compelled to make use of the name of the assignor. Notwithstanding the assignments, the legal interest remains in the assignor; and as he alone who has the legal interest in the subject matter can maintain a suit, the action, although it is brought for the benefit of the assignee, must still be brought in the name of the assignor. It is not even necessary to notice the name of the assignee on the record, as that it is for his use ; hence the term assignment has been appropriated to signify the transfer of a note not negotiable, and indorsement, to signify the transfer of a note which is negotiable. It would seem to follow, therefore, that if the transfer of a note which is not negotiable, docs convey the merely equitable interest in it, that the assignee has a right to maintain a suit in chancery against the maker to *20 enforce the payment of it. There could be no doubt of this, if it were not that courts of law, in very modern times, have been disposed, in an indirect manner, to protect the interests of the assignee when he sues in the name of an assignor; and, in consequence of this, a single court has determined that a court of chancery is deprived of its jurisdiction. .Such is the decision in the case of Mosely v. Grouch, 4 Rand. 592. But I do not know another case where it has been held that a court of law having once declined jurisdiction of a particular subject matter, and afterward, in an indirect manner, entertained it, that a court of chancery, to which it appropriately and originally *belonged, is, therefore, deprived of it. The course now pursued by the courts of law constitutes a part of its practice, while that pursued by the other court is not merely a part of its practice, but grows out of its original constitution and the nature of the interest which is the matter in controversy.
Story, in his treatise on Equity, does not treat this as a doubtful question. He seems to take it for granted as an acknowledged principle. “ In order,” he says, “ to constitute an assignment of a debt, or other chose in action, in equity, no particular form is necessary. Indorsing and delivering a bond to an assignee amounts to an assignment of tho'bond. An assignment of a debt may be by parol as well as by deed.” 2 Story Eq. 311. I think, then, that the first question — has the assignee a right to sue in chancery? — must be answered in the affirmative.
The bill alleges that on the day this note for $1,500 was assigned to the complainant, he gave notice to Paul Carpenter, and that when the note became due, and frequently afterward, the latter promised to pay him the amount. The answer admits notice a short time after the date of the note, but denies that he ever mado any promise to pay, except upon the condition that Gabriel Carpenter, the assignor, would procure his discharge from his liability as security for Gabriel, or furnish him money to pay the note. But the depositions of Hunter and the two Townsends expressly contradict this assertion in the answer, and show that Paul Carpenter did make an express promise to the complainant to pay him. If it should be said that this promise, at any rate, gives a right to sue at law, it may bo answered that a promise by the maker can not divest a third person, the assignor, of his legal *21 interest, so far as to deprive a court of chancery of at least com current jurisdiction.
Decree for the complainant.
No arguments came to the reporter’s hands.