The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: If a municipality may extend its corporate boundaries by annexation of territory which lies within a fire protection district and, the property affected thereby is withdrawn from the district, does the property avoid liability for its proportionate share of assessments? The authority of municipalities to change municipal limits by ordinance and add territory to their corporate limits by way of annexation is provided for in 11 O.S. 21-101 [11-21-101] et seq. (1978). Procedures may vary depending upon whether the municipality concerned is in fact a city or a town as defined by the Oklahoma Municipal Code and further, depending upon what type of annexation is to be effected, i.e., annexation by petition or by governing body action. In either event, the authority of a municipality to extend its corporate limits is well defined in law and said change may be affected as authorized by the appropriate statute. Although territory sought to be annexed by a municipality lies within a fire protection district established pursuant to 19 O.S. 901.1 [19-901.1] et seq. (1971), the fire protection district members affected thereby are specifically authorized to withdraw from the district as provided in 19 O.S. 901.23 [19-901.23] (1971) which provides: "Any portion of the District which will not be benefitted by remaining therein may be withdrawn from the District by the filing of a petition containing the names of more than fifty-one percent (51%) of the property owners within the portion sought to be withdrawn, requesting the withdrawal of such portion from the District on the grounds that it will not be benefitted by remaining therein. Such petition shall be filed with the Board of County Commissioners and notice thereof shall be given to the Board of Directors of the District. The time for hearing said petition shall not be less than thirty (30) days after the receipt of the petition. Any person interested may appear at the hearing and object to the withdrawal or may object to the continuance of the remaining territory as a District. The Board of County Commissioners shall consider and pass upon all objections and if it find (sic) that the portion of the District sought to be withdrawn will not be benefitted by remaining within the district and will not serve as a fire hazard to the remaining portion of the District, and that the territory remaining in the District will be benefitted by continuing as a District then it shall grant the petition. If in the judgment of the Board of County Commissioners existence of the territory sought to be withdrawn will make further existence of the district impracticable, the Board shall proceed to order a dissolution of the District. In the case of withdrawal of any property from the District as herein provided, such property shall remain subject to the payment of its proportionate part of any bonds theretofore authorized by the District and shall remain subject to annual assessment for the payment of the principal and interest thereof in the manner and to the same extent as if such property had not been withdrawn. Such annual assessments, however, shall be computed upon the appraisal shown on the District Appraisal Record at the time of the withdrawal of such property." (Emphasis added). Inasmuch as 19 O.S. 901.23 [19-901.23] contemplates withdrawal of territory from a fire protection district and allows for certain safeguards for the protection of the district itself, a municipality may indeed extend its corporate boundaries by annexation of territory which lies within a fire protection district, yet said annexation would not affect the Board's authority to levy assessment on the tract property affected thereby. It is, therefore, the official opinion of the Attorney General that your question be answered as follows: A municipality may extend its corporate boundaries by annexation of territory which lies within a fire protection district, however, property withdrawn from a fire protection district remains subject to payment of its proportionate part of any bonds authorized by the district as well as annual assessment for principal and interest as provided by 19 O.S. 901.23 [19-901.23] (1971). (MICHAEL JACKSON) (ksg)