The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. If a municipality has a specific ordinance relating to annexation, which imposes more stringent conditions for a valid annexation than does the state statute, does the ordinance prevail over the statute? "2. If the answer to question one is in the affirmative, is the governing body of the municipality required to follow the ordinance ?" The statutes relating to annexation of additional territory by a municipality are found at 11 O.S. 21-101 [11-21-101] et seq. (1978). The sections which grant municipalities authority to annex consistently provide that the municipality "may" annex territory. The statutes do not require the municipality to do so. The governing body of a municipality has a measure of discretion in such a decision. That discretion is subject to the minimum requirements of the statutes in that the statutorily specified preconditions to annexation must exist before a municipality may annex additional territory. As annexation of territory outside a municipality necessarily involves a subject of more than purely local concern, the statutory prerequisites must be met prior to annexation. Even charter cities lack authority to annex territory without compliance with the general statutes. In Barton v. Stuckey, 121 Okl. 226, 248 P. 592, 593 (1926), the Court held: "We deem it unnecessary to discuss the failure of the city to comply with the terms of the charter for as we view the law a strict compliance therewith would not confer sufficient jurisdiction on the city to annex adjoining territory against the wishes or without the consent of the owners thereof. This can only be done when the facts are sufficient to give the city authority and jurisdiction as provided by the general statutes of the state, and where there has been a substantial compliance with the statutory provisions in passing said ordinance. "1 We are not unmindful of the general rule which has been repeatedly announced by this court to the same effect as in State ex rel. Short v. Callahan, 96 Okl. 276,221 P. 718, where it was said: "A city charter, when adopted by the people and approved by the Governor pursuant to section 329, art. 18, Williams' Constitution, becomes the organic law of the city and the provisions of the charter supersede all laws of the state in conflict with such charter provisions, in so far as such laws relate to purely municipal matters. "This, however, does not authorize a city to extend its powers or jurisdiction beyond the limits of the city by charter provisions. This can only be done when specifically authorized by general statute. We do not mean to hold that a city cannot provide by charter for accepting adjoining territory when application is made or consent given by the owners thereof." (Emphasis added) This holding is consistent with the prevailing rule in other jurisdictions, that annexation of territory by cities is within the power of the State Legislature to regulate. See McQuillan, Municipal Corporations, 7.10. The question here presented assumes that the city has by ordinance imposed conditions in addition to those prescribed by statute, which conditions must be met prior to annexation. We have previously noted that the decision to annex is discretionary with the governing body. Insofar as such ordinances are in addition to, or more stringent than, the statutory requirements, the ordinances are not in conflict with the statutes and operate as a guide to the exercise of the discretion of the governing body in such matters. This principle is consistent with the decision in Barton, supra, which implies the authority to provide for annexation by local law when the statutory prerequisites have been satisfied. It is important to note that such ordinances do not supersede or vary the statutory requirements, but are rather in addition to them. As guides to the exercise of discretion such ordinances are valid. The operation of such ordinances to prevent annexation to the city on petition of the landowners of adjacent territory, as provided in 11 O.S. 21-105 [11-21-105] (1978), raises a separate question concerning the effect of such ordinances when their enforcement results in a refusal by the municipality to annex. Judicial review of such a decision is authorized by 11 O.S. 21-107 [11-21-107] (1978), which provides: "If the district court finds that the request of the petitioners should be granted and can be granted without injustice to the inhabitants or persons interested, the court shall issue an order declaring annexation of the territory to the municipality. If the court finds against the petitioners, the petition shall be dismissed at the cost of the petitioners." The Legislature has in this statute prescribed a standard of review for the district courts in such matters. As previously discussed, annexation concerns more than a purely municipal matter and regulation of annexation is within the province of the Legislature. Accordingly, local ordinances which preclude annexation on petition do not serve to bind the court's decision on review, although such ordinances may be a proper subject of inquiry. Duly adopted ordinances of a municipality have the force of law within the municipality. No citation of authority is needed for the proposition that the municipality and its governing body are bound by the laws of that municipality. The governing body has the option to repeal or amend ordinances, but must obey extant ordinances until so repealed or amended. It is, therefore, the official opinion of the Attorney General that municipalities may enact ordinances which impose additional or more stringent conditions precedent to annexation than those contained in the State Statutes, which ordinances serve to control the discretion of the governing body in determining whether to annex additional territory; the municipal governing body is bound by such ordinances until they are repealed or amended. (JOHN GREGORY THOMAS) (ksg)