Dear Honorable Kincheloe,
The Attorney General has received your request for an official opinion, asking:
 1. "Does Section 11 O.S. 21-109 of Title 11 of the Oklahoma [Statutes] violate Article 5, Section 59 of the Oklahoma Constitution in that it exempts tracts of annexed land in excess of five acres, which are used by persons engaged in farming and ranching, and all farm animals and livestock, and all agricultural implements and machinery and household goods located on the land from municipal taxes unless the municipality furnishes certain services to said tracts and said section does not exempt other tracts of annexed land which do not receive such municipal services?"
 2. "Since said annexed tracts of land used by persons engaged in farming and ranching are not specifically exempted from taxation in the Oklahoma Constitution, does Section 11 O.S. 21-109 of Title 11 of the Oklahoma Statutes violate Article 5, Section 50 of the Oklahoma Constitution or any other constitutional provision?"
You have posed two distinct constitutional questions with regard to 11O.S. 21-109 (1981), the pertinent portion of which provides:
 "Tracts of annexed land in excess of five (5) acres which are used by persons engaged in farming or ranching, and all farm animals and livestock, and all agricultural implements and machinery and household goods located on the land, shall not be subject to municipal taxes unless the municipality furnishes services to these tracts as are ordinarily furnished to municipal residents. No land which is used for agricultural purposes may be taken within the limits of a town and taxed at a greater rate than land which is adjacent to but outside the town limits."
Your first question arises under Article V, Section 59, Oklahoma Constitution, which provides that:
 "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."
The section of statute with which your first question is concerned is not a special law, prohibited by the foregoing constitutional provision, unless it can be said to apply to less than a whole class of persons, entities, or things which stand upon the same footing or in substantially the same situation or circumstances. Fenimore v. State ex rel. Com'rs ofLand Office, 194 P.2d 852 (Okla. 1948). For such a law to be general in its operation within the meaning of Article V, Section 59 of the Constitution, it is not necessary that the law operate upon every person or locality in the state, but it may instead have local application or apply only to a designated class, so long as it operates equally upon all subjects within the class for which it was adopted. Elias v. City ofTulsa, 408 P.2d 517 (Okla. 1965).
When considering the validity of any statute which differentiates in its treatment of one group of individuals compared with its treatment of another group in light of this constitutional prohibition of special laws, the test applied is whether the classification forming the basis for the differentiation is either arbitrary or capricious, and whether it bears a reasonable relation to the object to be accomplished. TexasOklahoma Exp. v. Sorenson, 652 P.2d 285 (Okla. 1982).
Applying these authorities to the question at hand, it can be seen that the classification forming the basis for the differentiation noted by your question is between five acre (or larger) tracts of annexed land which are being used in agriculture, and similarly sized tracts of annexed land put to other uses. The tax exemption involved is extended only to the agricultural property, and it must be assumed that the object to be accomplished would be to benefit and encourage agriculture.
In the face of the many other provisions of Oklahoma statutory law which plainly operate just to benefit and encourage agriculture in this state, see, e.g., 2 O.S. 1981 §§ 1029[2-1029], 1106(1), 1106(2), 1208(e), the Attorney General cannot conclude that it is arbitrary or capricious for the Legislature to pursue similar objectives by the granting to persons engaged in agriculture of an exemption from taxation such as that embodied in 11 O.S. 21-109 (1981). Consequently, it must be concluded that the statute in question does not violate Oklahoma Constitution, Article V, Section 59.
¶ 7 However, you have also questioned whether the annexed lands specified in the statute must nonetheless be taxed, inasmuch as the Constitution (you suggest) does not specifically exempt such lands from taxation, and in light of Article V, Section 50 of the Constitution, which provides:
 "The legislature shall pass no law exempting any property withis [sic] this State from taxation, except as otherwise provided in this Constitution."
It is necessary, to be sure, that any legislatively granted exemption of land from ad valorem tax must be premised upon some specific constitutional reference. In the case of the question you have raised, that grant is found at Oklahoma Constitution, Article X, Section 6 the pertinent provision of which states that:
 "[A]ll property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law[.]"
An examination of the laws of the Territory of Oklahoma which were in effect at the time of the adoption of the Oklahoma Constitution and Statehood discloses two pertinent grants of tax exemption under territorial law which provide an adequate constitutional basis for the legislature to continue to exempt from tax those lands specified in your second question. Okla. St. 1903 458 stated:
 "That tracts of land in excess of five acres used for agricultural purposes shall not be subject to city taxes."
Further, Okla. St. 1903 545 stated:
 "Provided, however, That no lands used for agricultural purposes shall be taken within the corporate limits and taxed to any greater rate than other adjoining lands without the corporation."
In considering a constitutional challenge to 11 O.S. 481 (1967), which is the predecessor law to 11 O.S. 21-109, the Oklahoma Supreme Court specifically ruled that Okla. St. 1903 458, supra, provided adequate constitutional authority for annexed tracts of land in excess of five acres used for agricultural purposes to be exempted from city taxes.State ex rel. Nesbitt v. Ford, 434 P.2d 934 (Okla. 1967). There is no basis upon which any different conclusion could be reached with regard to the current version of the law.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 11 O.S. 21-109 (1981) does not violate Article V, Section 59 of the Oklahoma Constitution, which prohibits special legislation where general laws will serve, in that it exempts tracts of annexed land in excess of five acres, which are used by persons engaged in farming and ranching, and all farm animals and livestock, and all agricultural implements and machinery and household goods located on the land from municipal taxes unless the municipality furnishes certain services to said tracts and said section does not exempt other tracts of annexed land which do not receive such municipal services.
 2. Said annexed tracts of land used by persons engaged in farming and ranching are specifically exempted from taxation in the Oklahoma Constitution by virtue of having been exempt from taxation under the laws of Oklahoma Territory, and therefore the portions of 11 O.S. 1981, 21-109 providing such exemption do not violate Article V, Section 50 of the Oklahoma Constitution or any other constitutional provision.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JAMES B. FRANKS, ASSISTANT ATTORNEY GENERAL CHIEF, TORT DEFENSE DIVISION