Rosalie CARLYLE, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. I–71 OF McCURTAIN COUNTY, Oklahoma, and the Oklahoma State Board of Education, Appellees.

No. 73196.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 19, 1991.

Rehearing Denied April 9, 1991.

Certiorari Denied May 29, 1991.

David F. Morris, Oklahoma City, for appellant.

George Walters, Broken Bow, for appellees.

## MEMORANDUM OPINION

HANSEN, Judge:

Rosalie Carlyle (Carlyle) was a public school teacher, with tenure, employed by Independent School District No. I–71 of McCurtain County, Oklahoma (School Board). The Oklahoma State Board of Education was dismissed as an unnecessary party to this action.

The following were among an extensive number of facts stipulated to by the parties. Carlyle, who at the time was 65 years old, was initially employed by School Board for the 1981–82 school year. Although School Board then had a policy of mandatory retirement at age 65, they chose not to enforce the policy in the belief it was rendered invalid by a 1978 amendment to the Federal Age Discrimination in Employment Act (29 U.S.C. §§ 621 et seq.). The amend-ment extended the upper limits of the Act's protection from 65 to 70 years of age. On August 12, 1985, School Board adopted a policy requiring mandatory retirement at age 70 for all employees. At that time Carlyle was the only teacher who had reached, or would reach, age 70 during the 1985–86 school year. School Board notified Carlyle in March 1986 that her contract would not be renewed. The parties further stipulated the sole reason for not renewing Carlyle's contract was the mandatory retirement policy, and that she was an otherwise competent teacher.

Pursuant to the rights stated in the notification letter, Carlyle requested an administrative hearing under 70 O.S.1981 § 6–103.4. The written decision of the hearing judge found no authority for the hearing panel to rule on School Board's actions in this case, in essence because mandatory age retirement was not one of the enumerated grounds for "nonreemployment" found in 70 O.S. 1981 § 6–103 (now 70 O.S. 1989 Supp. § 6–101.22).

Carlyle then filed this action, seeking a stay of the nonrenewal and reinstatement, or in the alternative, an order remanding the matter to the hearing panel for determination on the merits. The trial court affirmed School Board's action, stating, in relevant part:

> ... it is the finding of the Court that the School Board did have the authority to make a mandatory retirement age, so long as such age was not discriminatory. Under the statutes of the United States and statutes of the State of Oklahoma, the drawing of that mandatory retirement age at age 70 does not appear to be discriminatory on its face.

Although the trial court expressly found authority for School Board to adopt its mandatory retirement age, it does not state the basis for such finding. Reading the trial court's order as a whole, it is clear the possible discriminatory effect of the policy was the court's main concern. We disagree with the finding of authority, making consideration of discriminatory effect unnecessary.

School districts are separate municipal corporations created by statute, with boards of education as their governing bodies. 70 O.S.1981 §§ 5–101 et seq. It has long been the law in Oklahoma that:

> The school board has and can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation. *Board of Education of Oklahoma City v. Cloudman*, 185 Okla. 400, 92 P.2d 837, 841 (1939).

Carlyle asserts there is no express statutory authority empowering a local school board to establish mandatory retirement age. School Board directs us to no such authority, nor are we aware of any. The powers and duties of a board of education are set forth in considerable detail at 70 O.S.1989 Supp. § 5–117, which neither at the time of School Board's action, nor now, makes any specific reference to retirement.

School Board directs our attention to § 5–117(E), which provides:

> The Board of Education of each school district shall adopt and maintain on file in the office of the superintendent of schools an appropriate personnel policy and sick leave guide. The guide shall be made available to the public.

Although School Board does not actually say so, we assume it contends authority to establish a mandatory retirement age is either "necessarily incidental to" or can be "fairly implied in" § 5–117(E). Once again, we disagree. We view § 5–117(E) as ministerial direction from the State Legislature to ensure school policy, *otherwise authorized*, is in writing and available to those with a need to review that policy. We do not consider § 5–117(E) to be a "catch-all" authority to adopt substantive personnel policies which the Legislature may not have addressed, either intentionally or unintentionally. School Board cites no other statutory basis from which its purported authority may derive.

School Board does refer us to 70 O.S. 1981 §§ 17–101 et seq, *Teachers' Retirement System*, to point out the definition therein of "normal retirement age". We find that definition irrelevant to the question under consideration, but do note with interest the following language from § 17–105(d), discussing contributions to the system:

> Members currently teaching in the public schools of Oklahoma past the fiscal year during which age seventy (70) is attained and who have not retired shall be granted the privilege of making up ... contributions, ... for the years taught *after age seventy (70)*. (emphasis added)

The Legislature not only has not chosen to provide a mandatory retirement age for teachers, but to the contrary, clearly contemplates teachers remaining active beyond age 70.

The question of a mandatory retirement age for teachers has not been decided by our appellate courts. Both parties did cite two Oklahoma Attorney General Opinions dealing specifically with the issue, but School Board concedes the opinions are "somewhat at opposition to each other". The first, which opines that school boards may establish a mandatory retirement age, gives little consideration to that question, but deals for the most part with nonrenewal for financial reasons. *Atty. Gen. Op. No. 73–141*, May 31, 1973, to Dr. Leslie Fisher, State Superintendent of Public Instruction. The rationale concerning mandatory age retirement in the opinion is the same as presented by School Board here, inferring authority from the statutory mandate to adopt and maintain a personnel policy. We find the opinion's reasoning no more persuasive than School Board's, particularly in view of the limited applicability of the opinion. The second opinion determined a mandatory age limit could not be established because of the absence of statutory authority. *Atty. Gen. Op. No. 81–260*, January 26, 1982, to Mr. Francis Tuttle, Director, State Department of Vocational and Technical Education.

Finally, we do not find a mandatory retirement age is "essential to the declared objects and purposes of the corporation". *Board of Education of Oklahoma City v. Cloudman*, 185 Okla. 400, 92 P.2d 837

(1939). School Board's only argument even peripherally related to this point is that a teacher's abilities to manage and control large groups of young people may be lessened after a certain age, and prove to be an undue strain upon the teacher. We view this contention as an unfounded predetermination of incompetency. While we recognize School Board's legitimate interest in assuring competency in its teachers, its brief provides no factual basis for the supposition that age as a single factor is inimical to the objects and purposes of the school district. Further, the case cited in support of School Board's argument, *Lewis v. Tucson School District*, 23 Ariz.App. 154, 531 P.2d 199, cert. denied 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92 (1975), dealt with a Legislative enactment, not a local policy. Also, School Board had clear statutory authority to refuse to renew contracts on competency grounds, if a teacher is in fact not a competent teacher because of the effects of age. 70 O.S.1981 § 6–103.

In the absence of statutory authority—express, implied, incidental or essential—School Board was not empowered to adopt a mandatory retirement policy based solely on age. It was error, as a matter of law, for the trial court to have upheld such a policy.

REVERSED AND REMANDED with direction to enter a finding consistent with this opinion.

HUNTER, C.J., concurs with specially concurring opinion.

GARRETT, P.J., dissents with separate opinion.

HUNTER, Chief Judge, specially concurring:

I agree with Judge Hansen's opinion in its entirety.

We do not hold today that a school board's authority is limited to that granted in "express words" by the legislature. We do hold that a school board may not exceed the authority granted by the legislature. We specifically hold that a school board's authority to adopt "an appropriate personnel policy and sick leave guide" does not include the authority to legislate a mandatory retirement age for teachers. We also specifically hold that the school board's authority to exercise those powers "fairly implied or necessarily incidental to powers *expressly granted* and those *essential* (emphasis added) to the declared objects and purposes of the corporation" does not include the authority to legislate a mandatory retirement age which is a power neither necessarily incidental nor essential. This is a matter much better left to the legislature.

Although a mandatory retirement age for teachers would, in my opinion, be constitutional *if enacted by the legislature*, that is not the issue before this court and therefore, I find *Lewis v. Tuscon School District*, 23 Ariz.App. 154, 531 P.2d 199 (1975) cert. denied, 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92, totally inapplicable.

Finally, I do not believe Article 10, Section 26 of the Oklahoma Constitution has any application here whatsoever.

GARRETT, Presiding Judge, dissenting:

This court holds that a School Board has no authority to establish a mandatory retirement age. The reasoning that no statute expressly authorizes such action, and therefore the authority is non-existent, carried to any logical conclusion and generally followed, would cripple the Board's authority in such manner that it could not exercise its governing powers effectively. Such a result must also apply to governing boards of cities, towns, counties, any other political corporations or subdivisions of the state, the state itself, and all of its boards, commissions and departments. Implied powers would become virtually extinct.

Surely, the majority would not hold that a School Board does not have the authority and duty to establish an appropriate personnel policy. However, the net result of today's decision is to require statutory authority in "express words" for each provision in the policy. Thus, only the Legislature could authorize specific provisions. There would be nothing for the local School Board to do, and the policy of every school

district in the state would be identical. I simply cannot agree that governing boards in this state are so severely ham-strung.

The authority of the School Board to set a mandatory retirement age was derived from 70 O.S.Supp.1983 § 5–117(E) [now 70 O.S.Supp.1990 § 5–117 E] which is as follows:

> The Board of Education of each school district shall adopt and maintain on file in the office of the superintendent of schools an appropriate personnel policy and sick leave guide. The guide shall be made available to the public.

In an early case, *Board of Education of Oklahoma City, v. Cloudman*, 185 Okl. 400, 92 P.2d 837, 841 (1939), the Supreme Court discussed the discretionary powers of the School Boards to manage the schools and stated:

> The School Board has and can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation.

I find the authority to adopt a mandatory retirement policy to be discretionary and fairly implied in the power to adopt a personnel policy. Required retirement from teaching at age seventy (70) is neither arbitrary nor capricious. The courts should not substitute their judgment or discretion for that of the local School Board. The Board did not exceed its authority.

Carlyle contends the mandatory retirement policy violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. While there appears to be no previous authority in Oklahoma, mandatory retirement in other jurisdictions has been upheld. *Lewis v. Tucson School District*, 23 Ariz.App. 154, 531 P.2d 199 (1975) cert. denied, 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92. There, the appellate court recognized that while some teacher's abilities over a mandatory retirement age may not be lessened, it was not an arbitrary or irrational distinction to allow such a mandatory retirement policy.

In Oklahoma, 25 O.S.Supp.1985 § 1301 prohibits discrimination in employment of persons between the ages of forty (40) and seventy (70). It does not prohibit mandatory retirement at the age of seventy (70). I am not aware of any statute or case law in this jurisdiction forbidding a mandatory retirement policy at age 70.

Last but certainly not least, I call attention to a matter which is or has been overlooked or ignored by the parties, the trial court, and now this Court. In my view, Carlyle's contentions and the decision of this Court create serious constitutional issues which may not be waived. Should Article 10, Section 26, of the Oklahoma Constitution be applied to this situation?

I DISSENT.