Dear Representative Caldwell,
¶ 0 Attorney General Loving has received your request for an Attorney General opinion regarding whether an independent school district, through its board of education, has the statutory authority to consent to municipal annexation of school district land.
You asked, in effect, the following questions:
1. Is it a valid exercise of an independent school district'spower to give written consent to municipal annexation of landowned by the district, pursuant to 11 O.S. 21-103 (1991)?
 2. If the answer to question one is negative, may amunicipality annex a school site pursuant to 11 O.S. 21-103(1991)?
¶ 1 Question one is an issue of statutory interpretation. The Oklahoma statutes dealing with both municipal annexation and authority over school district property must be examined. The specific requirements for voluntary annexation are found at 11O.S. 21-103 (1991), which provides in part:
 A. Before the governing body of a city may annex any territory adjacent or contiguous to the city, it must obtain the written consent of the owners of at least a majority of the acres to be annexed to the municipality[.][1]
(Emphasis added.)
¶ 2 The issue raised by your inquiry is who can exercise control over school district property for the purposes of annexation of school district land by the governing body of the city. At 70 O.S. 5-106 (1993), the Legislature established the local board of education as the governing body for each school district. In 70 O.S. 5-117 (1993), the Legislature set forth the powers of the local school boards which include, among others, the power to exercise sole control over school district property. Section 70 O.S. 5-117(A) provides in part:
 A. The board of education of each school district shall have power to:
. . . .
 17. exercise sole control over all the schools and property of the district, subject to other provisions of the Oklahoma School Code[.]
¶ 3 In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose. TXOProduction v. Oklahoma Corporation Commission, 829 P.2d 964,968-969 (Okla. 1992). It is apparent from 70 O.S. 5-117, that the Legislature intended local boards of education to make property decisions on behalf of school districts. Section 5-117 specifies the powers given the local boards. The Legislature expressly gives local boards the authority to dispose of real and personal property and exercise "sole control" over school property.
¶ 4 Does the power to exercise "sole control" over district property include the power to grant permission for municipal annexation of school land? "Sole" control is not defined in the statute. However, words are to be understood in their ordinary sense except when contrary intention appears. Riffe PetroleumCo. v. Great National Corp. Inc., 614 P.2d 576, 579 (Okla. 1980). "Sole" is defined in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, p. 2168, as "being the only one." Thus the local school board is the only one to exercise control over school property. The board is elected by the school district voters. 70O.S. 5-107(a) (1993).[1]
¶ 5 As elected representatives of the district, these local boards are responsible for representing the district on school matters. Granting permission for municipal annexation of school property falls within the purview of the local boards' power to exercise sole control over the district property.
¶ 6 In fact, in James v. Union Graded School District No. 2,207 P.2d 241, 244 (Okla. 1949) the court recognized that although local boards of education do not own district property, the boards do act as trustees of the property for the public at large.
 The ownership of school property is generally in the local district or school board as trustee for the public at large. Such property occupies the status of public property and is not to be regarded as the private property of the school district by which it is held or wherein it is located.
¶ 7 Moreover, courts have held that school boards can exercise those powers that are:
 [G]ranted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation.
Carlyle v. Independent School District No. I-71 of McCurtainCounty, 811 P.2d 618, 620 (Okla.App. 1991), citing Board ofEducation of Oklahoma City v. Cloudman, 92 P.2d 837, 841 (Okla. 1939).
¶ 8 From the express power to exercise sole control over district property, the local boards have the authority to grant permission for municipal annexation of school district land.[2]
¶ 9 There is no indication that "owners" as used in the municipal annexation statutes, was designed to exclude a local school district, through its governing board, from granting permission for district annexation to a municipality.
¶ 10 Because question one is answered in the affirmative, question two does not need to be answered.
¶ 11 It is therefore the official opinion of the AttorneyGeneral that local school boards have the authority to consent tomunicipal annexation as provided by 11 O.S. 21-103 (1991), byvirtue of 70 O.S. 5-117 (1993), which gives them authority toexercise "sole control" over district property. To the extentthat Attorney General Opinion No. 70-150 is inconsistent withthis opinion, it is hereby withdrawn.
SUSAN BRIMER LOVING Attorney General of Oklahoma
L. MICHELLE STEPHENS Assistant Attorney General
[1] It should be noted however, that written consent is not needed where: (I) the territory to be annexed is subdivided into tracts of less than five acres and contains more than one residence or (2) three sides of the territory to be annexed are adjacent or continuous to the property already within the municipal limits.
[2] In 1970, A G Opin No 70-150 answered question regarding whether an independent school district through the local school board president may sign a petition requesting annexation of the land by a municipality pursuant to 11 O.S. 482 (1969) (currently 11 O.S. 21-105). It is unclear from reading that option whether the Issue under consideration was the status of school district property in counting the number of valid signatures on the petition, or the authority of the school board, through its president, to sign the petition at all. At any rate, the opinion only analyzed 11 O.S. 21-105 and not 11 O.S.21-103 and did not discuss the broad statutory powers of local school boards to exercise over school district land.