Dear Senator Leftwich,
¶ 0 This office has received your letter asking for an official Opinion regarding the following question:
 Does the language set forth in 70 O.S. 1991, § 509.3[70-509.3], mandating that "local board representatives shall be presently serving on the board or employed by said board and no other person shall represent the board," prohibit a local board of education from contracting with an independent contractor or other entity for the purpose of representing a local board of education in negotiations authorized under 70 O.S. 1991 and Supp. 1996, §§ 509.1-509.10?
 NEGOTIATIONS BETWEEN SCHOOL DISTRICTS AND EMPLOYEES
¶ 1 Before turning to the specific language of Section 509.3 that your question addresses, we must briefly review the purpose of the act in which it appears. Title 70, at Sections 509.1-509.10, is entitled Negotiation Between School Employees and Districts ("the Act"), and its purpose is, in pertinent part, as follows:
 It is the purpose of this act to strengthen methods of administering employer-employee relations through the establishment of an orderly process of communications between school employees and the school district.
70 O.S. 1991, § 509.1[70-509.1] (emphasis added).
¶ 2 In addition to the above instructive language, the Legislature has directed that the Oklahoma School Code, 70 O.S.1991 and Supp. 1996, §§ 1-101 to 24-150, shall be liberally construed:
 If any section or part of the Oklahoma School Code is found to be ambiguous or otherwise subject to more than one interpretation, such section shall be liberally construed to the extent that the general purpose of the entire Code and of public education may be advanced.
70 O.S. 1991, § 1-103[70-1-103]. (emphasis added).
 CHOOSING BARGAINING REPRESENTATIVES
¶ 3 The particular statute about which you ask states as follows:
 The local board shall choose representatives who shall bargain for the board, and the recognized organization shall choose representatives who shall bargain for the organization. The local board representatives shall be presently serving on the board or employed by said board and no other person shall represent the board. Provided nothing herein shall prohibit the employment of legal counsel for consultative purposes by local board or organization.
70 O.S. 1991, § 509.3[70-509.3] (emphasis added).
¶ 4 The Attorney General has examined Title 70 Sections 509.1et seq. regarding the collective bargaining process in two previous related opinions. Attorney General Opinion 82-171 concluded that professional organizations representing professional educators may designate individuals not employed by the local school district to serve "as negotiators, consultants, or members of a team" in collective bargaining. Subsequently, Attorney General Opinion 83-92 concluded that nonprofessional educators were empowered to designate negotiators not employed by the local school district.
¶ 5 The specific question you raise was addressed only in passing in Attorney General Opinion 82-171 which stated:
 It should be noted at the outset that the local school board, as the employer in the employer-employee relationship, is authorized under 70 O.S. 1981, § 509.3[70-509.3] to employ persons to act as negotiators for the board.
A.G. Opin. 82-171, p. 321 (emphasis added).
¶ 6 As part of an orderly process of communication, then, the local board of education is to choose representatives for the purpose of bargaining with the representatives of teachers and district employees. We are now asked to interpret the authority of the local school board to employ representatives for negotiations in the bargaining process.
 EMPLOYMENT OF REPRESENTATIVES BY LOCAL BOARD OF EDUCATION
¶ 7 An amendment to Section 509.3 in 1986 added a single sentence at the beginning of the paragraph, the plain language of which is to allow each side of the bargaining table to choose its own bargaining representative. 1986 Okla. Sess. Laws ch. 130, § 2. Prior to the 1986 amendment there is little helpful legislative direction. Following a 1982 amendment to Section 509.2 the Senate resolved:
 That it is the intent of the Oklahoma Legislature that Section 509.2 of Title 70 of the Oklahoma Statutes, as amended by Section 1 of Enrolled House Bill No. 1824, be construed to . . . allow a local board of education to designate its own bargaining representatives.
1982 Okla. Sess. Laws, Senate Concurrent Resolution No. 42 (emphasis added).
¶ 8 Although helpful in setting out the intent of the Legislature that the board of education has the right to designate its representative, neither the 1982 historical note to Section 509.2 nor the 1986 amendment to Section 509.3 gives instructional definition to the statute regarding theemployment of the board's representative. In analyzing the use of the terms employed and employment used in the last two sentences of Section 509.3, we must look to the statute as a whole and to the use of the terms elsewhere in the Oklahoma School Code in order to give a consistent and logical construction to the section.
¶ 9 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Independent School District No. 16 of Payne County,648 P.2d 26, 29 (Okla. 1982). Section 509.1 of the Act states that its purpose is to establish an orderly process of communication between the district and its employees. In construing Section 509.3, the primary goal is to determine the intent of the Legislature which can "be ascertained from the statute in light of its general purpose and object." TXO Production v. OklahomaCorporation Commission, 829 P.2d 964, 968-9 (Okla. 1992).
¶ 10 It is long settled law that boards of education have the authority to contract with independent contractors to carry out the regular business of the board of education. Citing the landmark 1939 Cloudman case, the Court of Appeals stated:
 School districts are separate municipal corporations created by statute, with boards of education as their governing bodies. 70 O.S. 1981 §§ 5-101[70-5-101] et seq. It has long been the law in Oklahoma that:
 The school board has and can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation.
Carlyle v. Independent School District No. I-71 of McCurtainCounty, 811 P.2d 618, 620 (Okla.Ct.App. 1991) (citing Boardof Education of Oklahoma City v. Cloudman, 185 Okla. 400,92 P.2d 837, 841 (1939)).
¶ 11 Title 70 at Section 5-117 (A)(14) states as follows:
 The board of education of each school district shall have power to:
. . . .
 14. Contract and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district. . . .
70 O.S. Supp. 1996, § 5-117[70-5-117](A) (emphasis added).
¶ 12 Title 70 O.S. 1991, § 1-103[70-1-103] mandates liberal construction of the language of the Oklahoma School Code to the extent that the general purpose of the entire Code and public education may be advanced.
¶ 13 When a phrase is defined in any statute, the definition is applicable to the same phrase whenever it occurs unless a contrary intention is apparent. 25 O.S. 1991, § 2[25-2]. There is a consistent use of the terms employ, employees and employed when Title 70 is reviewed as a whole. Section 5-117(A)(14) definesemployees of the district without distinction between the notion of contracting for a variety of professional services usually offered by independent contractors, such as physicians, dentists and attorneys, and the notion of contracting for a variety of services that are offered by salaried employees such as principals, teachers and janitors. The third sentence of Section 509.3 refers to the "employment of legal counsel for consultative purposes," frequently the role of an independent contractor.
¶ 14 There is restrictive language remaining in the second sentence of Section 509.3 which states "and no other personshall represent the board." Consistent with the purpose of the act set out in Section 509.1 which mandates an orderly process of communication, this phrase restricts the representatives the board may send to the bargaining table. The representatives must be chosen by the board and they must be current board members or employed by the board. Consistent with the legislative history of Section 509.2 set out above allowing a local board to designate its own bargaining representatives, this phrase restricts the representatives of the local board to that choice, and no other person.
 CONCLUSION
¶ 15 Accordingly, in answer to your question, we conclude that there is no prohibition against a board of education contracting with an independent contractor to represent the board of education in negotiations authorized under 70 O.S. 1991 and Supp. 1996, §§ 509-1-509.10.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 70 O.S. 1991, § 509.3[70-509.3] permits the board of education in employer-employee negotiations to choose representatives who are presently serving on the board of education, or who are salaried employees of the board of education, or with whom the board contracts for the specific purpose of representing the board in negotiations authorized under 70 O.S. 1991 and Supp. 1996, §§ 509-1-509.10.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL