Dear Superintendent Garrett,
¶ 0 This office has received your letter asking for an official Opinion regarding the following question:
May a school district expend funds in support of a localschool foundation?
¶ 1 A local school foundation is generally a nonprofit organization created to support a school district; it receives its support from private sources and does not receive public funding. Your question requires examination of the relationship between various sections of Title 70 — Section 5-145 relating to school foundations, Section 5-105 designating a school district as a body corporate, and Section 5-117 setting forth the powers of a school board. Most importantly, Article X, § 17 of the Oklahoma Constitution, which generally prohibits public investment in private enterprises, must be addressed.
 POWERS OF THE LOCAL SCHOOL DISTRICT
¶ 2 The Legislature has encouraged local school boards to explore the potential benefits of a partnership with local nonprofit foundations. Section 5-145 of Title 70, regarding local school foundations, states in pertinent part:
 A. Local school boards of education should be encouraged to explore the potential benefits of local foundations and public school/business partnerships as supplements to basic programs publicly funded.
. . . .
 C. As used in this section, "local foundation" means any company, trust, corporation, or association:
 1. that solicits money or property in the name of any public school district, public school or public school organization; and
 2. which is exempt from federal income taxes or is verifiably and in good faith in the process of obtaining federal tax exemption status. . . .
. . . .
 J. No public funds shall be deposited in any account owned or controlled by a local foundation.
70 O.S. 1991, § 5-145[70-5-145] (emphasis added).
¶ 3 The Legislature has enumerated the powers and duties of a board of education as a body corporate in Section 5-117 of Title 70 which states in pertinent part:
 The board of education of each school district shall have the power to:
. . . .
 3. Maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school district;
. . . .
 13. Incur all expenses, within the limitations provided for by law, necessary to perform all powers granted by the provisions of this section[.]
70 O.S. Supp. 1997, § 5-117[70-5-117](A).
¶ 4 Your question speaks directly to whether Section 5-145 of Title 70, combined with the powers defined in Section 5-117, provides the necessary authority for a board of education to financially assist a local nonprofit school foundation. The power of a school district was discussed in the landmark Cloudman
case in which the Oklahoma Supreme Court analyzed the powers of local school boards and stated:
 Our statutes also give to the school board many discretionary powers in the management of the different departments of the schools. It is given sole control over the schools. . . . The school board has and can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation.
Board of Education of Oklahoma City v. Cloudman, 92 P.2d 837,840-41 (Okla. 1939).
¶ 5 Cloudman was affirmed by the Oklahoma Supreme Court inIndependent School District No. 8 of Seiling v. Swanson,553 P.2d 496, 501 (Okla. 1976), and by the Oklahoma Court of Appeals in Carlyle v. Independent School District No. I-71 of McCurtainCounty, 811 P.2d 618, 620 (Okla.Ct.App. 1991). The Cloudman
case remains the definitive benchmark for analyzing and determining the limits of power of a school board to collect and spend money in the operation of schools.
¶ 6 A school board has considerable latitude in governing and operating a school district and power to expend the funds necessary to do so. Nevertheless the power is not unbounded. In fact, deposit of school district funds to a local foundation account is expressly prohibited at 70 O.S. Supp. 1997, §5-145[70-5-145](J), and authority to explore the benefits of a foundation is not synonymous with authority to support such a foundation.
 CONSTITUTIONAL PROHIBITIONS AGAINST CERTAIN EXPENDITURES OF PUBLIC FUNDS
¶ 7 Even if the statutes could be construed to allow a school district to expend funds to support a local foundation, the Oklahoma Constitution does not permit it. Regarding the legal nature of schools, Oklahoma Supreme Court and appellate court cases as well as previous Attorney General Opinions have discussed school districts as corporate bodies and municipal corporations. "It thus clearly appears that the Legislature construed . . . the term `municipal corporation' . . . to mean . . . board of education [and] school district" in matters relating to public finance. Joint School District No. 132 inMajor County and Alfalfa County v. Dabney, 260 P. 486, 489
(Okla. 1927) (emphasis added). School districts are therefore subject to Article X, § 17 of the Oklahoma Constitution, which provides:
 The Legislature shall not authorize any county or subdivision thereof, city, town or incorporated district, to. . . . obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association, or individual.
Okla. Const. art. X, § 17 (emphasis added).
¶ 8 The Oklahoma Court of Appeals has stated that:
 The constitutional provision at issue here [Article X, § 17] was intended to prevent public investment in private enterprises.
Rural Water District No. 3, Pushmataha County v. AntlersPublic Works Authority, 866 P.2d 458, 460 (Okla.Ct.App. 1993).
¶ 9 In an analysis of Article X, § 17 of the Oklahoma Constitution, Attorney General Opinion 81-46 quoted Section 5-105 of Title 70 when it said:
 A school district is a "body corporate" and it possesses "the usual powers of a corporation for public purposes."
A.G. Opin. 81-46, p. 88.
¶ 10 As set out above, the Oklahoma Supreme Court in Dabney
found public schools to be municipalities for purposes of public finance. In regard to municipalities, Attorney General Opinion 86-26 concluded that:
 A municipality may not lawfully take monies from its general fund and turn those monies directly over to a private group such as a local chamber of commerce, to fund such private entity's various activities.
A.G. Opin. 86-26, p. 26 (emphasis added).
¶ 11 A local school foundation may include by the above definitions any company, trust, corporation or individual which seeks to benefit a school district. It is explicitly provided in70 O.S. 1991, § 5-145[70-5-145](J) that no public funds shall be deposited in the accounts of any foundation. The relationship between a school district and a local foundation is one in which the foundation provides financial support to the school district rather than the school district funding the foundation.
¶ 12 In summary, based on the above, we can state the following:
 1. A school board is to be treated as a corporate body and, for purposes of public finance, as a municipal corporation. 70 O.S. Supp. 1997, § 5-105[70-5-105]; Dabney, 260 P. at 489; A.G. Opins. 81-46 and 86-26.
 2. Regardless of the public purpose stated for the creation of local school foundations at 70 O.S. 1991, § 5-145[70-5-145](A), we find no authority, expressed or fairly implied as required by Cloudman, 92 P.2d 837
(Okla. 1939), in either 70 O.S. Supp. 1997, § 5-117[70-5-117], or in 70 O.S. 1991, § 5-145[70-5-145], that would allow a school board to appropriate school funds to benefit a local school foundation or to reimburse foundation expenses.
 3. A school board is directly prohibited by 70 O.S. 1991, § 5-145[70-5-145](J) from depositing public funds in the accounts of local school foundations.
 4. Article X, § 17 of the Oklahoma Constitution prohibits the Legislature from authorizing a school district to appropriate money for, or to loan its credit to, any corporation, association, or individual.
¶ 13 Accordingly, 70 O.S. Supp. 1997, § 5-117[70-5-117] grants neither the express, nor fairly implied, statutory authority to a school board to appropriate school funds for the benefit of a local school foundation. The statutory authority found at 70 O.S.1991, § 5-145[70-5-145](A) encourages schools to explore the potential benefits of local foundations as supplements to basic school programs, which language implies that the local nonprofit foundation, as a partner of the school district, is a benefactor to the local school district and the school district is the beneficiary of the partnership, and not the reverse.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Pursuant to 70 O.S. Supp. 1997, § 5-117[70-5-117], a school boarddoes not have the power expressly granted in statute nor fairlyimplied in statute to appropriate public funds in support of alocal school foundation as such foundations are defined at 70O.S. 1991, § 5-145[70-5-145].
 2. Even if Sections 5-117 and 5-145 of Title 70 could beconstrued to grant the power necessary to permit a school boardto appropriate money for the benefit of a local schoolfoundation, the statute granting the power would beunconstitutional pursuant to Article X, § 17 of the OklahomaConstitution which prohibits the Legislature from authorizing aschool board to appropriate money or loan its credit to anycorporation, association, or individual.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL